UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
THOMAS CASTELLANO, an individual;  : CASE NO.: 2:10-cv-05898-JFB-WDW
LESLIE CASTELLANO, an individual; on :
behalf of themselves and all others similarly :
situated, :
                          Plaintiffs, :
                                : **MEMORANDUM OF LAW IN**
                                : **OPPOSITION TO DEFENDANT'S**
            vs. : **MOTION FOR ENLARGEMENT**
                                : **OF TIME**
GLOBAL CREDIT & COLLECTION :
CORPORATION, a Delaware Corporation; and :
JOHN AND JANE DOES NUMBERS 1 :
THROUGH 25, :
                          Defendants. :
---------------------------------------------------------------x

      The Defendant, by way of a motion with no accompanying Memorandum of Law or Affidavits, "requests a 30 day enlargement of time" so that it may "file a responsive pleading" to Plaintiffs' complaint. [Doc. 5]. As discussed below, the Defendant's motion admits that it waited until long after its deadline for filing a responsive pleading before seeking an extension from either Plaintiffs or the Court. Worse yet, the Defendant's motion offers no explanation or excuse whatsoever for its failure to timely file its responsive pleading, or why its <u>three</u> attorneys need such an extraordinary time in which to prepare a response.

      Moreover, as noted in the accompanying Affidavit of William F. Horn, this particular Defendant has significant experience as a defendant in scores of federal courthouses located throughout the United States, especially in the State of New York, and in defending the exact types of FDCPA claims at issue in this lawsuit. Indeed, this Defendant is one of the most abusive debt collection companies currently operating in the United States today.

### RELEVANT FACTUAL & PROCEDURAL HISTORY

      On December 17, 2010, Plaintiffs filed this putative class action lawsuit against the Defendant. [Doc. 1]. The Plaintiffs' lawsuit alleges that the Defendant knowingly and

intentionally violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"), by leaving "pre-recorded" telephone messages for, and sending letters to, consumers, and that such messages and letters fail to make required disclosures and which otherwise make false, deceptive and misleading statements and threats. *Id.*

The Defendant is a Delaware Corporation and, therefore, not an infant, in the military, or an incompetent person. [Doc. 1, ¶13; Horn Affidavit, ¶2]. The Defendant was personally served with the summons and complaint on December 30, 2010. [Doc. 2; Horn Affidavit, ¶3]. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), the Defendant was required to serve its responsive pleading to Plaintiffs' complaint on or before January 20, 2011. [Horn Affidavit, ¶4]. To date, GLOBAL CREDIT has failed to plead or otherwise defend this action, and the time within which it may answer or otherwise move as to the complaint has expired and has not been extended. [Horn Affidavit, ¶¶4-5].

On January 25, 2011, Plaintiffs filed a Motion for Entry of Default. [Doc. 3; Horn Affidavit, ¶5]. Subsequent to that, Defendant retained the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to represent it in this action, who then commenced frantic efforts to demand a 30-day extension to file a "responsive pleading." [Horn Affidavit, ¶5]. My co-counsel, Robert Arleo (who is currently in California), spoke with Defendant's attorney, Jill E. Alward, on January 26, 2010, at which time he asked Ms. Rosen to e-mail her contact information and extension request to both Plaintiffs' counsel so that they could discuss the request and respond to her by the close of business that day. [Horn Affidavit, ¶7]. Dissatisfied with Mr. Arleo's response, and unwilling to wait until the end of the day, Defendant filed the instant Motion for Enlargement of Time [Doc. 5]. [Horn Affidavit, ¶¶7-8].

To date, the Defendant and its attorneys refuse to provide any explanation to the Court or Plaintiffs' counsel why: (1) it was unable to file a responsive pleading within the time allotted

under the Federal Rules of Civil Procedure; (2) it waited until after the time for filing a responsive pleading had passed before seeking an extension of time from the Plaintiffs or the Court; (3) it needs 30 days to craft a responsive pleading over and above the 26 days it has already received prior to the Plaintiffs seeking entry of default. [Doc. 5; Horn Affidavit, ¶9].

The Defendant is sued nearly every other business day in federal courts located throughout the United States of America, the majority of which involve the same or similar factual and legal claims as that alleged in this lawsuit. [Horn Affidavit, ¶10]. The Defendant's request for a 30 day extension of time to file a responsive pleading is unjustified and excessive in this case, especially in light of the fact that it has a large law firm with substantial resources and three attorneys working on its behalf. [Doc. 5; Horn Affidavit, ¶11].

## **ARGUMENT**

The Defendant has failed to show the "good cause" or "excusable neglect" required for this Court to permit Defendant an extension of time to file a responsive pleading. Fed. R. Civ. P. 6(b), governs extending the time, provides as follows:

> (b) Extending Time.
>   (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>     (A) with or without motion or notice if the court acts, or if a request is made, *before the original time or its extension expires*; or
>     (B) on motion made after the time has expired *if the party failed to act because of excusable neglect*.

As set forth above, the Defendant was personally served with the summons and complaint on December 30, 2010. Pursuant to Fed. R. Civ. P. 12(a), the Defendant's responsive pleading was due on or before January 20, 2011. The Defendant failed to file a responsive pleading or seek an extension prior to January 20, 2011. Instead, Defendant waited until after Plaintiffs had moved for entry of default on January 25, 2011, to seek an extension of time. Consequently, the time for Defendant to respond or otherwise plead has expired and, pursuant to

Fed. R. Civ. P. 6(b)(1)(B), Defendant is required to demonstrate "excusable neglect" for its failure to act.

A determination of whether party's conduct constitutes excusable neglect is an equitable one that requires court to consider all relevant circumstances. *Rittmaster v. PaineWebber Group (In re PaineWebber Ltd. Pshps. Litig.)*, 147 F.3d 132, 135 (2d Cir. 1998) citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391 (1993). As stated by the Second Circuit in *Rittmaster*:

> Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. Hence, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control. To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance.

*Id.* (internal quotes and citations omitted).

The Defendant's motion offers no explanation or specific facts to demonstrate the "good faith and a reasonable basis for noncompliance" necessary to meet the "excusable neglect" standard. Here, there is no dispute that Defendant was properly served with process by personal service, as evidenced by the proper proof of service on file with the Court. [Doc. 2]. Defendant offers no explanation as to what happened after it received service of process such as, *inter alia*, on what specific date Defendant's counsel received the complaint or why Defendant waited so long to forward the complaint to its counsel.

Indeed, Defendant's motion fails to offer any supporting affidavit(s) from either the Defendant or its attorneys to establish any facts evidencing "excusable neglect." Instead, Defendant's counsel simply provides his own unsworn statements in the motion that his law firm has "recently been retained" and then goes on to blame Plaintiffs counsel for failing to immediately acquiesce to Defendant's unjustified demands for a 30-day extension of time.

Accordingly, the Defendant has failed to establish "excusable neglect" for its failure to act and, therefore, the Court should deny its request for an enlargement of time.

## CONCLUSION

Plaintiffs have fulfilled their obligations under the Federal Rules of Civil Procedure and the Local Rules of Court. If Defendant is to be indulged, it should not be at Plaintiffs' expense. Therefore, for the foregoing reasons, Plaintiffs request that Defendant's Motion for an Enlargement of Time be denied or, if granted, that such relief be conditioned on requiring Defendant file an Answer to the Complaint on or before February 3, 2011.

DATED:   Fresh Meadows, New York
         January 27, 2011

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone:  (718) 785-0543
Facsimile:  (866) 596-9003

Robert L. Arleo, Esq. (RA-7506)
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, NY 12436
Telephone:  (518) 589-5264
Facsimile:  (518) 751-1801

*Attorneys for Plaintiffs, Thomas Castellano and Leslie Castellano, and all others similarly situated*