UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
THOMAS CASTELLANO, an individual; LESLIE (JFB)  : Civil No.: 2:10-CV-05898
CASTELLANO, an individual; on behalf of themselves  : (WDW)
and all others similarly situated :
:
:
Plaintiffs, :
:
:
v. :
:
GLOBAL CREDIT & COLLECTION CORP. :
:
Defendant. :
:
:
-----------------------------------------------------------------------X   JANUARY 28, 2011

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

Defendant submits this opposition in response to the plaintiffs' motion for default judgment, filed with this court on January 25, 2011. It is respectfully submitted in the memorandum of law below that: (1) plaintiff is aware that the failure to answer was not intentional and was the result of the defendant having only recently secured legal counsel; (2) the claims contained in the complaint are believed to be defensible; however, the defendant has not had sufficient time within which to fully analyze the merits of this case and, hence, had sought a reasonable motion for extension of time; and (3) there is no prejudice to the plaintiff if the default is denied.

It is well established that default judgments are disfavored and "there is a strong public policy favoring resolving disputes on the merits." *Pecarsky v. Galaxiworld*, 249 F. 3d 167 (2d Cir. 2001); *see also Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). "When,

1

as in this case, default has not been entered by the Clerk of the Court and the defendant opposes the plaintiff's motion for default judgment, the Court must apply the standard for setting aside an entry of default under Rule 55(c)." *Rose v. Chin*, 2010 U.S. Dist. LEXIS 105526, at *2-3 (E.D.N.Y. Oct. 1, 2010), *citing Raheim v. New York City Health Care and Hosp. Corp.*, No. 96-CV-1045, 2007 U.S. Dit. LEXIS 59573, at *8 (E.D.N.Y. Aug. 14, 2007). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." According to the Second Circuit, good cause, "should be construed generously." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d. Cir. 1991).

In determining whether to set aside a defendant's default, the Court should principally consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present." *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001). The Court may also consider relevant equitable factors, including whether the failure to appear "was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" *Brown v. Gabbidon*, No. 06-CV-8148, 2007 U.S. Dist. LEXIS 35134, at *8 (S.D.N.Y. May 15, 2007), *quoting Enron Oil Corp.*, 10 F.3d at 96. "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

In the present case, the defendant made a good faith effort to contact the plaintiffs' counsel on January 25, 2011 in order to secure an extension of time based on the fact that the undersigned's office had recently been retained. Instead of responding to the request, which attorney Horn, in his opposition to the defendant's motion for extension of time admits to receiving, the plaintiffs' counsel filed the instant motion for

default. The defendant's counsel had not yet appeared and was therefore unaware of the motion for default. On January 26, 2011, after not having received a response from attorney Horn, Jill E. Alward of the undersigned's office contacted attorney Robert L. Arleo. Despite the filing of the motion for default the previous day, attorney Arleo instructed attorney Alward to send an email to both attorney Arleo and attorney Horn requesting the 30 day extension. Attorney Arleo never informed attorney Alward that a default had been filed. Neither attorney Arleo nor attorney Horn responded to the defendant's counsel's request for additional time.

Based on the facts above, which have been confirmed by the plaintiffs' counsel in an affidavit filed in opposition to the defendant's motion for extension of time, it cannot be said that the defendant acted or attempted to act in bad faith in failing to file an appearance and/or responsive pleading. If anything, it can be said that the plaintiffs' counsel's unprofessional and discourteous actions in filing a default when he was aware that the defendant was attempting to secure an additional 30 days within which to file a responsive pleading was in bad faith and intended to misrepresent the *known* position of the defendant to this Court.

While the defendant's counsel has not had the opportunity to fully review the allegations in the complaint and the materials relative to the plaintiffs' default on their financial obligation, which is the basis for the defendant's request for an additional 30 days within which to file a responsive pleading, the defendant's counsel represents to this Court that most, if not all, of the plaintiffs' claims are defensible.

Finally, the defendant represents to this Court that the denial of the plaintiffs' motion for default will not prejudice the plaintiffs in any manner. The defendant's

3

counsel has filed an appearance and has provided this Court with a date certain for the filing of a response and/or answer to the plaintiffs' complaint, assuming the motion for extension of time up to and including February 26, 2011 is granted. The plaintiffs can hardly allege any prejudice to their case at this early stage of the litigation.

**CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that this Court deny the plaintiffs' motion for default.

Dated: New York, NY
       January 28, 2011

>                    Yours, etc.
>                    WILSON, ELSER, MOSKOWITZ, EDELMAN &
>                    DICKER LLP
>
>                    _____
>                    Thomas Leghorn
>                    Jill E. Alward
>                    Attorney for Global Credit &
>                    Collection Corp.
>                    150 East 42nd Street,
>                    New York, NY 10017-5639
>                    (212) 490-3000
>                    (212) 490-3038 (fax)
>                    File No.:11708.00006

4308686.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2011, a copy of the foregoing Opposition to the Plaintiff's Motion for Default was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

William F. Horn, Esq.
Law Office of William F. Horn
188-01B 71st Cresent
Fresh Meadows, NY 11365

Robert L. Arleo, Esq.
Law Office of Robert L. Arleo
164 Sunset Park Road
Haines Falls, NY 12436

_____
Thomas A. Leghorn

4308686.1