# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

March 25, 2011

Hon. Joseph F. Bianco, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   *Re:* *Thomas Castellano, et al. vs. Global Credit & Collections Corporation, et al.*
      E.D.N.Y. Case No. 2:10-cv-05898-JFB-WDW

Dear Judge Bianco,

I am co-counsel for the Plaintiffs. I am writing pursuant to Your Honor's Individual Practice Rule III-A. Pursuant thereto, Plaintiffs respectfully request a pre-motion conference to discuss the propriety of Defendant's recently filed Fed. R. Civ. P. 12(b)(1) Motion to Dismiss. For the following reasons, Plaintiffs contend that the Court should strike Defendant's pending motion to dismiss or, alternatively, have the Court *sua sponte* strike Defendant's errant motion or permit Plaintiffs leave to file such a motion:

  (1) The motion is procedurally improper insofar as Defendant failed to follow Your Honor's Individual Practice Rule III-A, which required Defendant to request a pre-motion conference before making any motion pursuant Fed. R. Civ. P. 12; and

  (2) Defendant's motion misstates holding of the lone case it offers in support of its contention that Rule 68 Offers are permissible in class cases, and deliberately omits all contrary and distinguishing cases.

The first issue, *supra*, speaks for itself. Accordingly, Plaintiffs address the substance of the second and remaining issue at length below.

*Factual & Procedural Background*

On December 17, 2010, Plaintiffs filed this putative class action against Defendant, Global Credit & Collections Corporation ("Global Credit"). [Doc. 1]. Defendant was personally served with the summons and complaint on December 30, 2010. [Doc. 2]. On January 25, 2010, Plaintiff filed a Request for a Clerk's Certificate of Default. [Doc. 3]. Defendant subsequently moved for a 30 day extension in which to respond or otherwise plead with respect to Plaintiffs' complaint, which Plaintiffs opposed, but which the Court ultimately granted. [Docs. 5-9; Minute Order Dated 2/3/2011].

Joseph F. Bianco, Esq.
***Castellano, et al. v. Global Credit & Collection Corp.***
March 25, 2011
Page 2

On February 28, 2011, Defendant filed its Answer to Plaintiffs' Complaint. [Doc. 11]. On March 8, 2011, Defendant served a Fed. R. Civ. P. 68 Offer of Judgment, which offered Plaintiffs' their full statutory damages and attorney's fees and costs incurred, but which made no mention of, or offer to, the putative class identified in Plaintiffs' complaint. [Doc. 12-2].

To date, the Court has not entered an Initial Order or set a date for the Rule 16 Scheduling Conference.

### *A Rule 68 Offer is Patently Improper at this Stage of the Litigation*

The Defendant is clearly attempting to preempt class certification by "picking-off" the Plaintiffs, and create a conflict of interest between the Plaintiffs and the unnamed putative class members by implicitly threatening to shift the entire cost of litigating this case, including, *inter alia*, the extensive discovery practice and class certification motion that is forthcoming. Defendant's conduct is fundamentally incompatible with Fed. R. Civ, P. 23 and well-established case law of this Court.

In its motion, Defendant cites only <u>one</u> case for its contention that a Rule 68 Offer of Judgment in a class case, which offers only individual damages, is both appropriate and moots the class claims. *Ambalu v. Rosenblatt*, 194 F.R.D. 451,452 (E.D.N.Y. 2000). [Doc. 12, Pg. 3 ¶1]. In its brief, Defendant states that *Ambalu* stands for the proposition that "nothing prevents the defendant from attempting to facilitate settlement by making a pre-certification Rule 68 offer of judgment." Defendant's analysis of *Ambalu* is intellectually dishonest and Defendant fails to cite the plethora of contrary cases, and other cases interpreting that decision.

Indeed, a number of courts in Eastern and Southern Districts of New York have criticized the exact conduct in which the herein Defendant has engaged and have expressed specific concerns that such conduct would enable defendants to preempt class certification by "picking off" named plaintiffs with offers of judgment; importantly, those courts refused to dismiss FDCPA complaints on mootness grounds where plaintiffs have not had a reasonable opportunity to move for class certification prior to a defendant's offer of judgment. See e.g., *McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003) (concluding that defendants should not be permitted "to force plaintiffs into hastily-drafted certification motions by making offers of judgment. Such a policy…would encourage a race to the courthouse between defendants armed with uniformed offers and plaintiffs with under-researched certification motions"); *Vega v. Credit Bureau Enters.*, 2003 U.S. Dist. LEXIS 11539, *3-5 (E.D.N.Y. July 9, 2003) (finding that "[p]laintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification."); *Nasca v. GC Servs. Ltd. P'ship*, 2002 U.S. Dist. LEXIS 16992, *3 (S.D.N.Y. Sept. 12, 2002) (refusing to find plaintiff's complaint moot where plaintiff had not "had a reasonable opportunity to file a motion for certification[]" prior to defendant's offer of judgment); *White v. OSI Collection Servs., Inc.*, 2001 U.S. Dist. LEXIS 19879 (E.D.N.Y. Nov. 5, 2001); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (concluding that plaintiff should not be forced "to make a class certification motion before the record for such motion is complete"); see also, *Morgan v. Account Collection Tech., LLC*, 2006

Joseph F. Bianco, Esq.
***Castellano, et al. v. Global Credit & Collection Corp.***
March 25, 2011
Page 3

U.S. Dist. LEXIS 64528, *15-17 (S.D.N.Y. Aug. 29, 2006). There are scores of other decisions in the Eastern and Southern Districts of New York that follow the foregoing analysis and I am happy to supply Your Honor with citations to that authority should the Court request it.

The *Ambalu* case, and a handful of others, provide that a Rule 68 offer made by a defendant in an FDCPA case, before a motion for class certification has been filed -- can under certain circumstances -- render a plaintiff's claims moot and permit dismissal of the entire action. See e.g., *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000); see also, *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157 (E.D.N.Y. 2003); and *Tratt v. Retreival Masters Creditors Bureau, Inc.*, 2001 U.S. Dist. LEXIS 22401 (E.D.N.Y. May 23, 2001). However, the courts in this contrary line of cases all expressed serious concern about the effect Rule 68 offers made ***very early*** in the litigation would have of "buying off" plaintiffs before a motion for certification can be made. In all those cases, the plaintiffs were not diligent in moving for class certification. See e.g., *Ambalu*, *supra* at 453 (plaintiff did not move for class certification in the year-and-a-half between the filing of the complaint and entry of judgment); *Greif*, *supra* at 161 (plaintiff allowed 20 months to elapsed since filing of complaint and never filed a motion for certification or indicated that she was prevented from commencing discovery or moving for class certification); *Tratt*, 2001 U.S. Dist. LEXIS *supra* at *3 (motion to dismiss granted where defendant waited a year after filing of complaint to serve Rule 68 Offer); see also, *Morgan v. Account Collection Tech., LLC*, 2006 U.S. Dist. LEXIS at *15-17 (citing *Ambalu* analysis in denying defendant's motion to dismiss).

Pursuant to *McDowall v. Cogan*, Plaintiffs need not file a motion to strike Global Credit's Rule 68 Offer of Judgment. 216 F.R.D. at 52. Nor must Plaintiffs burden Your Honor with a hastily filed class certification motion as Global Credit's Rule 68 Offer is not directed to the putative class members. *Id.* at 51 (defendants should not be allowed to "force plaintiffs into hastily-drafted certification motions by making offers of judgment" as "such a policy 'would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such motion is complete.'" citing *Schaake*, 203 F.R.D. at 112).

In light of the foregoing, Defendant's pending motion to dismiss is procedurally improper and legally untenable. Consequently, Plaintiffs respectfully request that Your Honor schedule a conference to discuss the propriety Defendant's pending motion to dismiss or, alternatively, *sua sponte* strike Defendant's errant motion or permit Plaintiffs leave to file such a motion.

Very truly yours,
*s/ William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:    All Parties of Counsel of Record *via ECF Filing*