**ROBERT L. ARLEO, ESQ.**
164 Sunset Park Road
Haines Falls, New York 12436

Telephone: (518) 589-5264                                                                 Fax: (518) 751-1801
Email: r.arleo@verizon.net

May 20, 2011

Honorable William D. Wall, U.S.D.C.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York   11722

                         Re:   Castellano v. Global Credit & Collection Corp. et al
                                Case No. CV 10-5898 (JFB) (WDW)

Dear Judge Wall:

   I am co-counsel for the Plaintiffs named in the above-entitled action. Please allow this correspondence to serve as Plaintiffs' motion to compel the Defendant to: (a) serve its automatic disclosures in conjunction with its obligations under Fed. R. Civ. P. 26(a)(1); and (b) meet and confer in conjunction with its obligations under Fed. R. Civ. P. 26(f).

   Plaintiffs commenced this action on December 17, 2010 against the Defendant Global Credit & Collection Corporation ("GCCC") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") [Doc. 1]. On February 28, 2011, GCCC filed its answer denying it violated the FDCPA [Doc. 11]. On April 29th, Your Honor issued an Initial Conference Order ("the ICO") setting May 25, 2011 at 2:00 p.m. as the date and time for the initial conference, which attached a proposed scheduling order. [Doc. 15]. The ICO directed that, as part of the parties' obligations under Fed. R. Civ. P. 26(f), they meet and confer regarding the proposed scheduling order. The ICO further advises that, if the proposed dates are acceptable to all parties, then the parties are to file a joint letter at least three (3) business days prior to the date of the initial conference advising that they agree with the proposed scheduling order and to request that the initial conference be canceled. To date, Defendant has refused all of Plaintiffs' efforts to meet and confer pursuant to Rule 26(f) and the ICO, and it further refuses to serve its Rule 26(a) Initial Disclosures.

   Attached hereto as Exhibit "A" is a copy of my correspondence dated May 7, 2011 to attorney Thomas Leghorn, counsel for the Defendant GCCC. Said correspondence was sent in conjunction with Plaintiffs' obligations under Fed. R. Civ. P. 26(f) and with the mandates set forth in the ICO. As referenced in said May 7th correspondence, the Plaintiffs' Fed. R. Civ. P. 26(a)(1) automatic disclosures were forwarded to Mr. Leghorn several days after the sending of my May 7th correspondence. Despite my request to Mr. Leghorn that he forward Defendant's

Hon. William D. Wall, U.S.M.J.
May 20, 2011
Page 2

automatic disclosures and that he contact my law office to meet and confer and to discuss Your Honor's proposed scheduling order, Mr. Leghorn failed to comply with any of these requests. As a result thereof, I forwarded correspondence dated May 17, 2011 to Mr. Leghorn wherein I advised him that he had not responded to my May 7th correspondence. [See attached, Exhibit "B"]. Again, I asked Mr. Leghorn to contact me so we could meet and confer and discuss Your Honor's proposed scheduling order; yet, he continues to ignore my requests. Also, as of today's date, Plaintiffs have yet to receive Defendant's automatic disclosures.

Mr. Leghorn's shirking of his responsibilities as defense counsel, as described above, is not the first example of his patently improper conduct in this case. On March 8, 2011, the Defendant mailed an Offer of Judgment pursuant to Fed. R. Civ. P. 68. Said Offer of Judgment provided judgment in the sum of $1,001.00 for each Plaintiff together with costs and reasonable attorney's fees as determined by the Court. On March 23, 2011, the Defendant then filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. 12]. Importantly, the Defendant skirted the requirements to seek a pre-motion conference in conjunction with any motion brought pursuant to Fed. R. Civ. P. 12 (see Individual Motion Practice and Rules of Judge Joseph F. Bianco, Sec. III A.)

Via letter dated March 25, 2011 from my co-counsel William F. Horn to the Court [Doc. 13] the Plaintiffs advised the Court of the misrepresentation of the sole case cited by Defendant in support of its motion to dismiss and further advised the Court of the plethora of case law which clearly establishes that Defendant had absolutely no legal or procedural basis for filing its motion to dismiss. In response to the March 25th correspondence from Mr. Horn, the Court scheduled a telephone conference which was to have occurred on April 21, 2011.

Subsequent to Mr. Horn's March 25th correspondence, I sent numerous written communications over several weeks (via letter and e-mail) to Mr. Leghorn, and a Maryland-based attorney, Ronald Canter, whom Mr. Leghorn had previously informed me was "calling the shots" for the Defendant in this case. In said written communications, I implored Messrs. Leghorn and Canter to withdraw their baseless motion. In response to my written communications, Messrs. Leghorn and Canter stated that they would have to check with Defendant and "get back to me," which they never did. Instead, Mr. Leghorn waited until a couple of hours before the Court-ordered conference was scheduled to advise the Court that the Defendant was withdrawing its motion to dismiss and requesting that the conference be adjourned. [Doc. 14]. Importantly, the conference was scheduled to occur during the middle of the Jewish Passover holiday, and Mr. Leghorn did not even bother to give Mr. Horn or me the professional courtesy of advance notice of his intent to withdraw the motion or adjourn the conference so we could adjust our respective schedules.

Based upon Mr. Leghorn's intentional ignorance of my correspondences requesting that he meet and confer and that we discuss Your Honor's proposed scheduling order, it is now too late for the parties to file a letter with Your Honor in effort to forego the need for Your Honor to conduct the initial conference on May 25, 2011. Notwithstanding, and as my efforts to compel Mr. Leghorn to produce Defendant's automatic disclosures and to contact my law office to meet and confer have proved fruitless, the Plaintiffs now move for an Order directing the Defendant to

Hon. William D. Wall, U.S.M.J.
May 20, 2011
Page 3

serve its Fed. R. Civ. P. 26(a)(1) automatic disclosures and to meet and confer as required by Fed. R. Civ. P. 26(f). I further request that Your Honor remind Mr. Leghorn of his obligations under Local Civil Rule 26.5 to cooperate win all phases of the discovery process and to be courteous in his dealings with Plaintiffs' counsel.

    No prior application for the relief requested herein has been made to date.

    Thank you for your attention herein.

                                              Respectfully submitted,

                                              /s/ *Robert L. Arleo*

                                              Robert L. Arleo

RLA:gra
enclosures
cc:   All counsel of record via ECF

# EXHIBIT "A"

***ROBERT L. ARLEO, ESQ.***
164 Sunset Park Road
Haines Falls, New York 12436

Telephone: (518) 589-5264                                                                                    Fax: (518) 751-1801
Email: r.arleo@verizon.net

May 7, 2011

Thomas Leghorn, Esq.
Wilson, Elser et al.
3 Gannett Drive
White Plains, New York   10604
Via email to thomas.leghorn@wilsonelser.com

       Re:  Thomas and Leslie Castellano v. Global Credit & Collections Corp. et al
         <u>10-CV-6315</u>

Dear Mr. Leghorn:

 The underlying is submitted in conjunction with Fed. R. Civ. P. 26(f):

 The nature of the Plaintiff's claims are as follows:

 As set forth in its Complaint, the Plaintiff alleges that the Defendant places telephone messages which fail to provide meaningful disclosure of the Defendant's identity, fail to disclose that the call is from a debt collector, and fails to disclose the purpose or nature of the call, i.e. an attempt to collect a debt.

 In regard to settlement, Plaintiff is willing to engage in negotiations designed to effect a class-wide settlement agreement.

 In regard to the automatic discovery required by Fed. R. Civ. P. 26(a)(1), same will be forwarded to you in the immediate future.

 Plaintiff needs discovery:

   -in regard to the number of persons who are members of the class defined in the Complaint;

2

-in regard to the identity of the person(s) who control the debt collection policies and practices invoked by the Defendant in conjunction with placing telephone voice messages to consumers;

-in regard to the equipment used by the Defendant to effect telephone voice messages to consumers;

The foregoing list shall not be deemed to limit the ability of the Plaintiff to conduct discovery in regard to other issues which the Plaintiff may conclude is relevant and material at the time formal discovery demands are issues.

Discovery need not be conducted in phases. Discovery should be focused upon particular debt collection issues raised by the allegations set forth in the complaint and as set forth herein. The Plaintiff believes that no changes should be made in the limitation on discovery imposed under the Federal Rules of Civil Procedure and/or by the local rules of the United States District Court for the Western District of New York. In regard to the dates for completion of discovery, please contact my law office so that we may discuss the proposed scheduling order issued by Magistrate Judge Wall.

The Plaintiff believes that no other orders should be entered by the court under Fed. R. Civ. P. 26c. The Plaintiff believes that those mandates set forth in Fed. R. Civ. P. 16b and c should be invoked.

Please review the herein correspondence. Your written response to the herein correspondence, and any subsequent communications between you and I in regard thereto, shall be considered as compliant with the meet and confer required by Fed. R. Civ. P. 26.

          Sincerely,

          / s /   *Robert L. Arleo*

          Robert L. Arleo

RLA:gra
cc: William F. Horn, Esq.

# EXHIBIT "B"

***ROBERT L. ARLEO, ESQ.***
164 Sunset Park Road
Haines Falls, New York 12436

Telephone: (518) 589-5264                      Fax: (518) 751-1801
Email: r.arleo@verizon.net

May 17, 2011

Thomas Leghorn, Esq.
Wilson, Elser et al.
3 Gannett Drive
White Plains, New York 10604
Via email to thomas.leghorn@wilsonelser.com

                    Re: Thomas and Leslie Castellano v. Global Credit & Collections Corp. et al
                          <u>10-CV-6315</u>

Dear Mr. Leghorn:

    You have failed to respond to my correspondence dated May 7, 2011 sent in conjunction with Fed. R. Civ. P. 26(f). Also, we have yet to receive the Defendant's automatic disclosures despite the fact that the Plaintiffs have provided their automatic disclosures to the Defendant.

    Again, please contact my law office so that we may discuss the proposed scheduling order issued by Magistrate Judge Wall and so that we may meet and confer in compliance with the mandates of Fed. R. Civ. P. 26(f).

                                                            Sincerely,

                                                      / s /    *Robert L. Arleo*

                                                           Robert L. Arleo

RLA:gra
cc: William F. Horn, Esq.