# Law Office of William F. Horn

188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

July 11, 2011

Hon. William D. Wall, U.S.M.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> **Re:**   ***Thomas Castellano, et al. vs. Global Credit & Collections Corporation, et al.***
> E.D.N.Y. Case No. 2:10-cv-05898-JFB-WDW

Dear Judge Wall,

I am co-counsel for the Plaintiffs. I am writing pursuant to Defendant's pending motion to extend the time in which the Defendant may respond to written discovery [Doc. 19]. Defendant improperly directed its letter to Judge Bianco who, I presume, forwarded the letter to Your Honor for review and handling. I am, therefore, sending this opposition letter to Your Honor under the presumption that you are already in receipt of Defendant's letter. As discussed below, Ms. Alward's letter motion unsurprisingly omits a few key facts that militate against the Court exercising leniency and granting her request for an extension.

First, as a threshold matter, Ms. Alward neglects to mention that her request for an extension was not made until 2 days after the deadline had expired for Defendant to provide its responses to discovery. With respect to requests for an extension, the Federal Rules of Civil Procedure state that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Ms. Alward cannot demonstrate good cause for her failure to timely seek an extension of time for Defendant to respond to discovery. Indeed, Ms. Alward neglects to mention that there are three attorneys at her law firm (a very large firm) who have been assigned to work on this case, and each of those attorneys has significant support staff, and that Ms. Alward is not the primary attorney responsible for handling this case. Ms. Alward further neglects to mention that, in addition to the three lawyers at her firm, Defendant also has a fourth attorney, who is not affiliated with Ms. Alward's firm, who is also actively working on all aspects of this case. Having worked at both Skadden, Arps and Simpson, Thacher & Bartlett during my career, I am well-aware of the time constraints placed on associates, but I am also aware that if other attorneys are involved in a matter, one could always ask for help. Instead, Ms. Alward's only "excuse" for an extension is that she chose to take an 11-day vacation and knowingly disregarded her clients' work.

William D. Wall, U.S.M.J.
*Castellano, et al. v. Global Credit & Collection Corp.*
July 11, 2011
Page 2

Second, in an attempt to show the Court how diligent she is and how "discourteous" I am Ms. Alward states in her letter that she emailed me on June 30th (a holiday weekend) requesting an extension of time to respond and I did not respond until July 4th a holiday when no one works. Your Honor, if Ms. Alward were truly concerned about the timing of contact between us, then she should have notified me prior to the expiration of the time to respond to written discovery. Instead, on June 30[th,] two days after the expiration of time in which to respond to Plaintiff's discovery she finally decided she needed more time. What difference would it have made had I responded on June 30th or on July 4th – we both know that it made no difference; in fact, it gave her even more time in which to complete Defendant's responses to Plaintiffs' written discovery requests. In fact Your Honor, Ms. Alward's letter was prepared a week after Defendant's responses were due yet she still asks for 20-days more in which to respond.

Third, Ms. Alward mentions that she was on vacation from June 10, 2011 until June 21, 2011. So, she was away from her office for 7-business days. She states in her letter that since she was out for those 7 business days she was unable to complete the discovery responses. Presuming that to be true, Your Honor, she claims to need 20-days more, from the date of her letter. in which to complete Defendant's responses. In other words, Ms. Alward is actually seeking a 28-day extension for four attorneys to complete some basic discovery responses. This is simply an unreasonable amount of time.

Finally, Ms. Alward implies that my letter of July 4, 2011, wherein I state that she and her firm had acted in a "discourteous" manner to me and my co-counsel [Doc. 19-2] is irrelevant and then argues that my co-counsel and I were discourteous to her and her firm. I am not going to burden the Court with a "back-and-forth" over who was more "discourteous." Instead, I direct the Court's attention to the letter I wrote to Ms. Alward [Doc. 19-2] to understand why I based my decision to deny her request for an extension partly on the "discourteous" treatment I received from Ms. Alward and her firm. Due to the inconvenient position that she and her firm have placed me in previous occasions I chose to follow their lead and not provide the courtesy.

I am very sorry that this issue had to come before you. I understand and appreciate the great importance of maintaining our personal and professional integrity, which includes the granting of professional courtesies to opposing counsel. I am also mindful, however, that professional courtesy is a two-way street; apparently Defendant's counsel disregards this notion. I believe that I have acted reasonably by not agreeing to an extension of time in which Defendant could respond to written discovery given the information I presented to you in this letter.

In light of the foregoing, I respectfully request that Your Honor deny Defendant's pending motion for an extension of time and, as set forth in the Federal Rules and in case law, order the Defendant to respond to Plaintiff's discovery requests without objection and to deem admitted Plaintiff's requests for admissions.

Very truly yours,
*s/ William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:      All Counsel of Record *via ECF Filing*