# Law Office of William F. Horn

188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
bill@wfhlegal.com

August 10, 2011

Hon. William D. Wall, U.S.M.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

      Re:    *Castellano, et al. vs. Global Credit & Collection Corporation, et al.*
             E.D.N.Y. Case No. 2:10-cv-05898-JFB-WDW

Dear Judge Wall,

I am co-counsel of record for Plaintiffs in the referenced action. I am writing pursuant to Your Honor's Individual Rule 3.A.i for an order: (1) Striking Defendant's Opposition to Plaintiffs' Motion for Class Certification; (2) Striking Defendant's Answer pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), and this Court's prior order; (3) Issuing an Order to Show Cause why Defendant and its counsels should not be held in civil contempt and sanctioned pursuant to, *inter alia*, Fed. R. Civ. P. 11(c)(3); and (4) issuing monetary sanctions in favor of Plaintiffs' for their reasonable fees and costs in bringing this motion and opposing Defendant's previous frivolous motions [Docs. 28-42] pursuant to Fed. R. Civ. P. 37(a)(5) and 37(b)(2)(C).

Defendant and its counsels continue to violate all Rules of Court/Procedure. The Defendant has deliberately abused the Plaintiffs, who are simply seeking redress in a federal court for being victimized by a debt collector's violative debt collection tactics. In a filing yesterday, Defendant's counsels intentionally publicized the Plaintiffs' personal financial, banking, and other information <u>expressly</u> protected from disclosure by the Federal law, New York Law, Common Law, the Federal Rule of Civil Procedure, the Local Civil Rules of this Court, and the Individual Rules of Practice for the Judges assigned to this Action. This is the worst kind of abuse that a debt collator-defendant could visit upon a consumer who is seeking redress in a Federal court for violations of a consumer-protection statute.

### *Relevant Factual & Procedural Background*

Since the inception of this lawsuit, and consistently throughout it, the Defendant and its counsels have deliberately engaged in a calculated litigation strategy designed to frustrate lawful discovery and motion practice in a manner that unreasonably and vexingly multiplies the proceedings. In sum, the Defendant and its counsels have repeatedly filed meritless motions, disobeyed the Federal, Local, and Individual Rules of Procedure and, worse, deliberately misrepresented the law and fact in their filings with the Court. The Plaintiffs direct the Court to the facts contained in their Omnibus Opposition to Defendant's Motions for a Protective Order for a detailed factual account of the Defendant's abuses to date. [Doc. 47, pgs. 2-7].

Hon. William D. Wall, U.S.M.J.
*Castellano, et al. v. Global Credit & Collections Corporation*
August 10, 2010
Page 2

It was on the foregoing backdrop that the Court recently ordered, and conducted, an <u>in-person</u> hearing with the Parties on August 8, 2011, out of concern "about how discovery is proceeding in this matter." [*See,* Minute Order dated 8/4/2011]. At this hearing, the Court expressed great concern over the Defendant's flagrant violations of the Federal, Local, and Individual Rules of Court. Indeed, at the hearing, the Honorable William D. Wall directly addressed Defendant's counsel, Jill E. Alward, and stated that, based on the Court's record to date, she either (1) did not understand the Local and Federal Rules; or (2) she had deliberately chosen to ignore them. Judge Wall then informed Ms. Alward that the Court would like to impose significant sanctions against her and the Defendant, but that he was willing to give her one more chance. To that end, Judge Wall advised Ms. Alward that the Court would impose <u>severe</u> sanctions and strike the Defendant's Answer if the Defendant or its counsel continued to violate the rules. *In response, Defendant's counsel stated **<u>nothing</u>** -- offering no excuse, apologies, or further assurances of corrected conduct to either the Court or Plaintiffs' counsels.*

Barely more than 24 hours after the August 8th hearing, Defendant and its counsel deliberately proceed to file their Opposition to Plaintiffs' Motion for Class Certification [Doc. 49], which attaches as "Exhibit A" a filing that contains the following information that is <u>expressly</u> prohibited from disclosure by Federal law, New York law, and the Local and Individual Civil Rules of this Court: (1) Leslie Castellano's social-security number and taxpayer-identification number; (2) Thomas Castellano's social-security number and taxpayer-identification number; (3) Leslie Castellano's birth date; and the full name of Leslie and Thomas Castellano's creditor (i.e. Capital One) and their full financial-account number.

In addition to the foregoing, the Defendant, and its counsel, have once again made material misrepresentations of fact concerning the facts of this case, discovery, and its prior judicial admissions and findings in this case -- and other litigation now pending in other District Courts. Plaintiffs will save this argument for the hearing scheduled for later today before the Honorable Joseph F. Bianco on Plaintiffs' Motion for Class Certification.

### *Legal Issues Requiring Court Intervention & Sanctions*

The Defendant's unredacted filing of Plaintiffs' social-security numbers, taxpayer-identification numbers, birth dates, and a financial-account numbers was in violation of the E-Government Act of 2002, Fed. R. Civ. P. 5.2, the Local Rules of Court, and the Individual Practice Rules of the Honorable William D. Wall, U.S.M.J. (see, Rule 1.A), and the Individual Practice Rules of the Honorable Joseph F. Bianco, U.S.D.C. (see, Rule II.A-B); it is also a violation of*, inter alia*, N.Y. GBL §399-dd, and common law tort of Invasion of Privacy. The Plaintiffs will spare the Court the policy considerations underpinning the enactment of Fed. R. Civ. P. 5.2, the N.Y. General Business Law, and the various cases interpreting them based on extreme concern for protecting citizen's privacy and preventing them from becoming victims of identity theft.

Fed. R. Civ. P. 52 provides that, "[u]less the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date,…or a financial-account number, a party or nonparty making the filing may

Hon. William D. Wall, U.S.M.J.
*Castellano, et al. v. Global Credit & Collections Corporation*
August 10, 2010
Page 3

include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; … and (4) the last four digits of the financial-account number." Attorneys registered with the ECF System are required to sign an oath stating that they understand and will follow the Court's rules and procedures for filing documents. Indeed, at Page 9 of the Court's cm/ECF User's Guide, it states, "All personal data identifiers are to be removed from all pleadings including exhibits. Please see Administrative Order 2004-09. regarding the 8/2/204 amendments to the E-Government Act of 2002. This administrative order is available on our web site. **On the login screen, you will need to certify that you understand and will comply with the redaction rules**." (Emphasis Added) See, **_Exhibit A_**. The Court's Administrative Order 2004-09 is attached as **_Exhibit B_** .

The Defendant's violations were intentional and inexcusable. Indeed, prior to filing any document with the Court's ECF System, Defendant's Counsel, Jill E. Alward was required to check a box with BRIGHT BOLD RED LETTERING explicitly acknowledging that she understood that by filing any document she must comply with the redaction rules of "Social Security or taxpayer-identification numbers; dates of birth; … financial account numbers…in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1., and that this requirement applies to "all documents, including attachments." See, **_Exhibit C_**. The Court's ECF System will not permit Defendant's counsel to file any document unless the foregoing acknowledgment box is first checked. check this box prior to filing, the Court I have read this notice  was deliberate. See, **_Exhibit D_**.

It is also quite noteworthy, that, over a span of 3 days, the Defendant clogged the Court's docket with 20 separate motion filings, which spanned dozens of pages, arguing that the Court should grant orders to protect the Defendant's non-public, sensitive, information. Apparently, Defendant does not believe the Plaintiffs are entitled to such protections even when the Federal, State, and Local Rules explicitly state that they are entitled to such protection.

The Defendant, through its counsel Ms. Alward, once again directly violated the Federal, Local, or Individual Rules of Court/Procedure by filing the Plaintiffs' private personal and financial information -- that is expressly protected from disclosure by the Federal and New York Law, and the Local and Individual Rules of this Court. The Defendant's violations were deliberate as evidenced by Defendant's counsel's obligations under Fed. R. Civ. P. 11, and her inability to circumvent the Court's acknowledgement that she understood, and would comply with, Fed. R. Civ. P. 5.2 by checking the required box prior to filing the offending document.

In light of the foregoing, Plaintiffs' respectfully request that the Court follow-through with its order at the August 8th hearing and grant the relief set forth n paragraph 1 hererin.

Respectfully submitted,
*s/William F. Horn*
William F. Horn
*Encl:stated*
*via ECF Filing Only*
cc:     All counsel of Record *via ECF*

# EXHIBIT "A"

**Exhibits** must also be electronically filed. If, for some reason, the exhibits cannot be electronically filed, they may be filed in hard copy. Warning: before filing exhibits in hard copy, you must check your judicial officer's rules to see if leave of court is required.

The exhibits filed in hard copy should have a cover sheet containing the case caption, the assigned judge and docket number, and a label that the documents are "Original Exhibits to [name of ECF filed document]."

When e filing the document that the exhibits are supporting, note in that filing that your exhibits will be filed in hard copy.

Attached to this Guide is a sample form that may be attached to the documents you are filing in hard copy. This form may also be filed. This form will advise the court and parties that such exhibits are **being filed in paper form**.

**Documents in excess of 100 pages** should be broken down into 100 page documents then filed electronically. For example a 300 page brief should be filed as Brief - Pages 1-100; the first attachment would be Brief - Pages 101-200; and the last attachment would be Brief - Pages 201-300. The current limit for a PDF to be uploaded is 5 megabytes. If your document exceeds that size, you are presented with this message: "You cannot load this file, it is over 5.0MB. To continue, divide the document into separate parts."

**Sealed / sensitive documents,** filed in hard copy, must be so labeled. They should be presented for filing in a sealed envelope with the sealing cover sheet (attachment to Administrative Order 2004-5) and should be properly labeled. These envelopes should also contain the words *Sealed Document*. Regarding the **Privacy Policy and Public Access** to electronic case files, redacted documents are to be filed with the Court. All personal data identifiers are to be removed from all pleadings including exhibits. **Please see Administrative Order 2004-09 regarding the 8/2/204 amendments to the E-Government Act of 2002.** This administrative order is available on our web site. On the login screen, you will need to certify that you understand and will comply with the redaction rules.

**Sealed / sensitive documents may be electronically filed by the attorney, with permission of the court.** See *Appendix A* for more instructions on e-filing Sealed or Ex Parte Documents.

Page 9

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:  The August 2, 2004 Amendment                ADMINISTRATIVE ORDER
to the E-Government Act of 2002                              2004-09

----------------------------------------------------------------X

      WHEREAS the Eastern District of New York requires mandatory electronic case filing for all civil cases other than pro se cases and for all criminal cases; and

      WHEREAS in compliance with the E-Government Act of 2002, Pub. L. No. 107-347 (as amended August 2, 2004) and the policy of the Judicial Conference of the United States, and to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or shall partially redact where inclusion is necessary, certain personal data identifiers from all pleadings filed with the Court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court, it is

      ORDERED that, effective immediately, the attached Guidelines for compliance with the E-Government Act of 2002, as amended, are issued as an Administrative Order of the Eastern District of New York, and compliance will be mandatory by any party wishing to file a document containing the personal data identifiers listed in the attachment; and that compliance will be strictly enforced, unless otherwise specifically ordered to the contrary by the Court in an individual civil or criminal action. The Court may strike an unredacted document from the record, or deny the relief sought.

      SO ORDERED.

Dated:      Brooklyn, New York
              October ___, 2004

                                                    s/ERK
                                                    EDWARD R. KORMAN
                                                    Chief Judge

– Attachment –

**Attachment to Administrative Order 2004-09**

# GUIDELINES FOR COMPLIANCE WITH THE AUGUST 2, 2004 AMENDMENTS TO THE E-GOVERNMENT ACT OF 2002

In compliance with the policy of the Judicial Conference of the United States, and the E-Government Act of 2002, and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court.

a. **Social Security numbers.** If an individual's Social Security number must be included in a pleading, only the last four digits of that number should be used.

b. **Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

c. **Dates of birth.** If an individual's date of birth must be included in a pleading, only the year should be used.

d. **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may:

a. file an unredacted version of the document under seal, or

b. file a reference under seal. The reference list shall contain the complete personal data identifier(s) and the redacted identifier(s) used it its(their) place in the filing. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete personal data identifier. The reference list must be filed under seal, and may be amended as of right.

The unredacted version of the document or the reference list shall be retained by the court as part of the record. The court may, however, still require the party to file a redacted copy for the public file.

**The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading for compliance with this rule.**

**Attachment to Administrative Order 2004-09**
<u>**Page Two**</u>

The court may, however, still require the party to file a redacted copy for the public file.

In addition, exercise caution when filing documents that contain the following:

1) Personal identifying number, such as driver's license number;
2) medical records, treatment and diagnosis;
3) employment history;
4) individual financial information; and
5) proprietary or trade secret information.

Counsel is strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. **If a redacted document is filed, it is the sole responsibility of counsel and the parties to be sure that all pleadings comply with the rules of this court requiring redaction of personal data identifiers. The clerk will not review each pleading for redaction.**

SO ORDERED.

**October \_\_\_, 2004**

# EXHIBIT "C"

Case 2:10-cv-05898-JFB-WDW   Document 50   Filed 08/10/11   Page 11 of 13 PageID #: 492

can be freely obtained by anyone with Internet access and modified for ben ign or malicious purposes, such as facilitating unauthorized access to restricted documents or seeding the repository with falsified or spurious documents. Accordingly, CM/ECF filers are reminded to be dili gent about their computer security practices to ensure that documents are not inadvertently shared or c ompromised. This District Court and the Administrative Office of the U.S. Courts will continue to analy ze the implications of RECAP and related-software and advise you of any ongoing or further concerns.

*If you have lost or forgotten your password,* click here.

**Authentication**

Login:

Password:

client code:

[Login] [Reset]

**IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:** All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and, in criminal cases, home addresses, in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1. This requirement applies to all documents, including attachments.

☐ I understand that, if I file, I must comply with the redaction rules. I have read this notice.

Notice

An access fee of $0.08 per page or $2.40 per document with an audio attachment, as approved by the Judicial Conference of the United States, will be assessed for access to this service. For more information about CM/ECF, click here or contact the PACER Service Center at (800) 676-6856.

*CM/ECF has been tested and works correctly with Firefox 3.5, and Internet Explorer 7 and 8.*

# EXHIBIT "D"

Case 2:10-cv-05898-JFB-WDW   Document 50   Filed 08/10/11   Page 13 of 13 PageID #: 494

**You must check the redaction rules checkbox to log in to CM/ECF.**

[Back]