IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★   MAY 04 2012   ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CASE NO.: 2:10-cv-05898-JFB-WDW

THOMAS CASTELLANO, an individual;
LESLIE CASTELLANO, an individual; on
behalf of themselves and all others similarly
situated,

                    Plaintiffs,

        vs.

GLOBAL CREDIT & COLLECTION
CORPORATION, a Delaware Corporation; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                    Defendants.

**ORDER CERTIFYING CLASS AND**
**GRANTING APPROVAL OF CLASS**
**ACTION SETTLEMENT AND**
**INJUNCTIVE RELIEF**

This matter having coming before the Court on the motion by Plaintiffs, Thomas Castellano and Leslie Castellano, for preliminary approval of a class-wide settlement agreement including certification of a settlement class and approval of class counsel, and the Court having reviewed the papers submitted; and

With respect to certifying this action as a class action for settlement purposes, the Court finds:

A.     The Settlement Class is so numerous that joinder of all members is impracticable;

B.     There are questions of law and fact common to the proposed Settlement Class, namely, whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* by leaving telephone voice messages for the Plaintiffs and other similarly situated consumers that failed to meaningfully identify Defendant, failed to state the purpose or nature of the communication, and failed to indicate that the caller is a debt collector;

C.      The individual claims of Plaintiffs are typical of the claims of the Settlement Class;

D.      Plaintiffs are an appropriate and adequate representative for the Settlement Class;

E.      The Settlement includes, among other things, Defendant's consent to an injunction and final injunctive relief is appropriate respecting the class as a whole.

F.      With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiffs' counsel, William F. Horn and Robert L. Arleo, will fairly and adequately represent the interests of the Settlement Class;

G.      With respect to the proposed Stipulation of Settlement, after consideration of the Stipulation attached as *Exhibit A* to the Plaintiffs' Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

H.      and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.      Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action under Fed. R. Civ. P. 23(b)(2) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a)     defines the "Settlement Class" as all persons with addresses in the United States of America who received a message left by Defendant on a telephone answering device which did not identify Defendant by its company name as the caller and/or which did not state the purpose or nature of the communication, and/or which did not disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up

-2-

through and including the date of this Order;

(b)   defines the "Class Claims" as those claims arising from telephonic voice messages left by Defendant for Class members on telephone answering devices, which failed to meaningfully identify the Defendant by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector;

(c)   appoints Plaintiffs as the Class Representatives; and

(d)   appoints Plaintiffs' counsel, William F. Horn and Robert L. Arleo, as Settlement Class Counsel.

2.   A Final Fairness Hearing, pursuant to Fed. R. Civ. P. 23(e)(2), as to whether the proposed Stipulation of Settlement is fair, reasonable, and adequate, and the request for fees and expenses by Settlement Class Counsel will be held before this Court on __July 20__, 2012, at 2:00 p.m.

3.   The proposed class is preliminarily certified under Fed R. Civ. P. 23(b)(2) as an injunction only class; therefore, no notice to the Settlement Class Members is required. Notice of the settlement to Settlement Class Representative Plaintiffs shall constitute due and sufficient notice to the Settlement Class Members.

4.   In accordance with Fed R. Civ. P. 23(b)(2), the Settlement Class Members will not be permitted to exclude themselves from the Settlement Class.

5.   Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6.   Any Settlement Class Member, or federal or state official, who intends to object to the fairness of the Settlement must file a written objection with the Court within 30 days from the Court's entry of this order. Further, any such Settlement Class Member or

-3-

federal or state official must, within the same period, provide a copy of the written objection to: Class Counsel, William F. Horn, 188-01B 71st Crescent, Fresh Meadows, New York 11365; Class Counsel, Robert L. Arleo, 164 Sunset Park Road, Haines Falls, New York 12436; and Counsel for Defendant, Thomas A. Leghorn and Jill E. Alward, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 150 East 42nd Street, New York, New York 10017-5639.

7.      Any objection must include the name and number of this case and a statement of the reasons why the objector believes that the Court should find that the proposed Stipulation of Settlement is not in the best interests of the Settlement Class. Objectors may appear at the hearing on the fairness of the Stipulation of Settlement.

8.      If, after the hearing, the Court does not approve the Stipulation of Settlement, then this Order will be vacated.

IT IS SO ORDERED:

HONORABLE JOSEPH F. BIANCO
Judge, United States District Court
Dated:  May 4, 2012

-4-