**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————————x

THOMAS CASTELLANO, an individual;       :       CASE NO.:  2:10-cv-05898-JFB-WDW
LESLIE CASTELLANO, an individual; on    :
behalf of themselves and all others similarly  :
situated,                               :
                                        :
                      Plaintiffs,       :       **CONSENT MOTION FOR AN ORDER**
                                        :       **GRANTING FINAL APPROVAL OF**
         vs.                            :       **CLASS ACTION SETTLEMENT AND**
                                        :       **INJUNCTIVE RELIEF**
GLOBAL CREDIT & COLLECTION              :
CORPORATION, a Delaware Corporation; and  :
JOHN AND JANE DOES NUMBERS 1            :
THROUGH 25,                             :
                                        :
                      Defendants.       :
———————————————————————x

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiffs, Thomas Castellano and Leslie Castellano, on behalf of themselves and all

others similarly situated, hereby move this Court pursuant to Fed. R. Civ. P. 23(b)(2) for an order

granting final approval of class action Stipulation of Settlement and for injunctive relief[1] In

support of their motion, the Plaintiffs respectfully show the following:

## 1.    PROCEDURAL HISTORY AND FACTS

1.01.  Plaintiffs initially filed this lawsuit on December 17, 2010 [Doc. 1], and

subsequently amended their complaint on March 14, 2012 [Doc. 70]. The Plaintiffs are each

consumers who allegedly became delinquent on a consumer debt. Plaintiffs contend that in

attempting to collect consumer debts from them, and the proposed settlement class they seek to

represent, Defendant left "pre-recorded" and "live" telephone voice messages for them that

---

[1] As used in this Motion, all capitalized terms shall have the meanings and definitions set forth in
Section 1 of the Stipulation of Settlement, which is attached hereto as *Exhibit A.*

uniformly violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA").

1.02.   The Plaintiffs allege that the Defendant's telephone messages failed to provide meaningful identification of the caller in violation of 15 U.S.C. §1692d(6), and that the messages also failed to give the disclosures required by 15 U.S.C. §1692e(11). The Plaintiffs further allege that the Defendant's telephone messages violate 15 U.S.C. §1692e(10).

1.03.   On March 29, 2012, after extensive arms-length negotiations, conferences and written discovery, the Parties entered into a Stipulation of Settlement to resolve the Action on a class basis. [Doc. 72-1]. On April 4, 2012, the Plaintiffs' filed a motion for class certification and for injunctive relief.[Doc. 72].

1.04.   The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), applies in this case, and so, pursuant to 28 U.S.C. § 1715, on May 11, 2012, Defendant, Global Credit & Collection Corporation ("Defendant" or Global Credit") sent notice of the proposed settlement to the Attorneys General of all states and the United States Attorney General. [Doc. 75]. To date, the Parties have not received any inquiries or objections concerning the Stipulation of Settlement.

1.05.   On May 4, 2012, the Court entered the Order Certifying Settlement Class and Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). [Doc. 74]. The Court found, under Fed. R. Civ. P. 23(b)(2), notice to the Settlement Class Members was unnecessary, and ordered notice to the Settlement Class Representative Plaintiffs constituted due and sufficient notice to the class members. [*Id.* at ¶ 3].

1.06.   Under Fed. R. Civ. P. 23(e), the Parties now seek final certification and approval of the proposed Stipulation of Settlement. Specifically, the Parties request the Court enter the

Final Order and Judgment (hereinafter referred to as the "Final Approval Order"), attached hereto as **Exhibit A**.

## 2.      CLASS SETTLEMENT AGREEMENT

2.01.   As stated above, the Stipulation is attached hereto as Exhibit 1. The significant terms of the proposed settlement are as follows:

2.02.   Certification of a Fed. R. Civ. P. 23(b)(2) Injunction Class: Pursuant to Fed. R. Civ. P. 23(b)(2), the Parties seek final certification of the following class of plaintiffs (hereinafter referred to as the "Settlement Class"):

> All persons with addresses in the United States of America who received a message left by Defendant on a telephone answering device which did not identify Defendant by its company name as the caller and/or which did not state the purpose or nature of the communication, and/or which did not disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of order granting preliminary certification. [Doc. 72-1 at ¶1.12].

2.03.   Class Representative and Class Counsel Appointment:  The Court preliminarily appointed Plaintiffs as appropriate and adequate representatives for the Settlement Class and Robert L. Arleo and William F. Horn, as counsel for the Settlement Class. [Doc. 74 at ¶¶ D and F]. The Plaintiffs request the Court finally appoint Plaintiffs as Settlement Class Representative Plaintiffs and Robert L. Arleo and William F. Horn, as Settlement Class Counsel.

2.04.   Exclusions and Objections: In accordance with Fed. R. Civ. P. 23(b)(2), the Settlement Class Members were not permitted to exclude themselves from the class. Any Settlement Class Member who intended to object to the fairness of the settlement was required to file a written objection with the Court by June 4, 2012. [Doc. 74 at ¶6]. Any such Settlement Class Member was required, within the same time period, to provide a copy of the written

objection to Settlement Class Counsel and counsel for Defendant. [*Id*]. Neither Defendant nor Settlement Class Counsel received any objections.

2.05. <u>Injunction</u>: As explained above, the proposed settlement class is a Rule 23(b)(2) injunction class. The Settlement Class, and other prospective consumers, will receive the benefit of a 12-month stipulated injunction requiring Defendant to use its best efforts to ensure it identifies itself by its legal name in all telephone messages left for consumers, and to disclose the call is from a debt collector and concerns the collection of a debt. [Doc. 72-1, at ¶ 2.3(c). As part of the injunction, counsel for Defendant shall send written reports of all lawsuits filed, or informal complaints it receives in writing, against Defendant that involve the identical factual and legal claims at issue in this Lawsuit. [*Id*]. Defendant shall issue these written reports to Settlement Class Counsel, such that they are received by the 10th day of each month, beginning on the first month following Ultimate Approval and continuing thereafter each month for the next 12 months. [*Id*].

2.06. <u>Settlement Class Representative Plaintiffs' Individual Relief</u>: The Settlement Class Representative Plaintiffs will each receive $1,000.00 as statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), and an additional $1,500.00 in recognition for their services to the Settlement Class Members. [*Id.* at ¶ 2.3(a)].

2.07. <u>*Cy Pres* Award</u>:  Defendant will make a *cy pres* award of $4,461.00, which is more than twice the maximum statutory class damages available under the FDCPA. [*Id.* at ¶¶F and 2.3(b)]. Subject to the Court's approval, Settlement Class Representative Plaintiffs propose awarding the *cy pres* payment to the National Consumer Law Center, which is a national organization that provides assistance to low-income and vulnerable Americans on, *inter alia*, issues involving consumer fraud, debt collection, consumer finance, energy assistance programs, predatory lending, and sustainable home ownership programs. [*Id*].

2.08.   <u>Attorneys' Fees, Costs and Expenses</u>: For purposes of this Settlement, Defendant agrees that the Settlement Class Representative Plaintiffs are the successful party in this Action and agrees pay their reasonable attorney's fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C.§ 1692k. [*Id.* at ¶2.3(d)]. The Parties agree that Settlement Class Counsel shall be entitled to receive up to $120,000.00 from the Settlement Fund, which is intended to cover all fees and all expenses arising out of this Action. [*Id.*]. Settlement Class Counsel will accept this amount of fees and expenses awarded by the Court in full satisfaction of reasonable attorney's fees and costs and will not request additional fees from Defendant, Class Representative Plaintiffs, or any Settlement Class Member. [*Id.*]. Defendant will not oppose or cause to be opposed an attorney fee application, so long as such application does not exceed $120,000.00. [*Id.*].

2.09.   <u>Class Action Fairness Act</u>: As stated above, CAFA applies in this case; accordingly, Defendant notified appropriate state and federal officials of the proposed settlement. No state or federal official objected to the settlement. [Doc. 75].

<u>**LEGAL ARGUMENT**</u>

<u>*A. The Proposed Settlement Satisfies the Rule 23(a) and (b) Requirements*</u>.

Fed. R. Civ. P. 23(a) sets forth the prerequisites for class certification: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see also Medicare Beneficiaries' Defense Fund v. Empire Blue Cross Blue Shield*, 938 F.Supp. 1131, 1140 (E.D.N.Y. 1996). "In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (b)(2), or (b)(3)." *Amchem Prods., Inc. v. Windsor*,

-5-

521 U.S. 591, 614 (1997); *see also, In re: Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 133 (2nd Cir. 2001). A class may be certified under Rule 23(b)(2) when the defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief . . . with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). In other words, Rule 23(b)(2) certification is appropriate where "broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury." *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 162 (2d Cir. 2001).

Here, the Court already preliminarily ruled the proposed settlement satisfies the Fed. R. Civ. P. 23(a) and (b)(2) prerequisites. *Id.* As stated above, no objections were filed since that ruling, and so the Court should finally rule the settlement satisfies the Fed. R. Civ. P. 23(a) and (b)(2) requirements.

## B. The Proposed Settlement Is Fundamentally Fair, Reasonable, and Adequate

"The settlement of a class action requires court approval." *In re Global Crossing Securities and ERISA Litigation*, 225 F.R.D. 436, 455 (S.D. N.Y. 2004). "If the [proposed settlement] would bind class members, the court may approve it only after a hearing and finding it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). "As a general policy matter, federal courts favor settlement, especially in complex and large-scale disputes, so as to encourage compromise and conserve judicial and private resources." *In re Global Crossing*, 225 F.R.D. at 455.

In evaluating a settlement, the court must consider the "substantive terms of the settlement compared to the likely result of a trial." *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir. 1983). "In this Circuit, courts examine the fairness, adequacy, and reasonableness of a class settlement according to the . . . [following] factors . . . : (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the

proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (citations omitted). Application of these factors confirms the Court should approve the settlement.

1. ***The Complexity, Expense, and Likely Duration of Litigation/The Risks of Establishing Liability/The Risks of Establishing Damages/The Risks of Maintaining the Class Action Through Trial.***

The likelihood of success for the class members if they proceeded to trial is uncertain. The class claims and defenses involve complex legal issues and Defendant has raised defenses to the class claims, which Defendant avers would ultimately defeat the claims of the putative class. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the case, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

2. ***The Stage of the Proceedings and Amount of Discovery Completed.***

Plaintiffs' counsel conducted extensive formal and informal discovery. Considering the disputed issues between the Parties are legal, *not* factual, in nature, and that the Parties have exchanged information and documents concerning the Plaintiffs' allegations, NES' defenses, and potential damages, the Parties have exchanged sufficient information to make an informed decision about settlement. *See e.g., Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).

**3.**    **_Defendant's Ability To Withstand A Greater Judgment/The Range Of Reasonableness Of The Settlement Fund In Light Of The Best Possible Recovery/The Range Of Reasonableness Of The Settlement Fund To A Possible Recovery In Light Of All The Attendant Risks Of Litigation._**

The FDCPA limits class damages to the lesser of $500,000 or 1% of the Defendant's net worth. Fed. R. Civ. P. 1692k(a)(2)(B). Here, Defendant's class liability is capped at $1,784.32; however, Defendant has agreed to 2.5% of its net worth (i.e. $4,461.00), which is more than 21/2 times maximum statutory class damages permitted under the FDCPA.

As stated in the Plaintiffs' motion for preliminary approval, considering there are at least 500,000 class members, each class member's potential *per capita* recovery at trial would be *de minimus*. In light of this fact, in addition to a *cy pres* award of the full class damages cap, the proposed settlement provides for injunctive relief to the Settlement Class without taking away any Settlement Class Member's right to file a separate individual action against Defendant for money damages relating to the Released Claims. [Doc. 72-1 at ¶3.2]. This type of settlement (allowing future individual damages suits) "obtains real benefits for the class as a whole . . . ." *Foti v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 16511, *16-17 (S.D.N.Y. Feb. 19, 2008).

Moreover, a trial in this case would be expensive and lengthy and continued litigation would deplete Defendant's resources to pay any judgment or possible future settlement making early settlement even more valuable to the proposed class members. Considering the uncertainties of trial, the difficulty in ultimately proving liability against Defendant, and perhaps most importantly the limited release of claims, the proposed settlement is clearly fair, reasonable, and adequate. The settlement was negotiated at arms-length by experienced and capable Settlement Class Counsel, who now recommend its approval. As proven by the affidavits attached to Plaintiffs' motion for preliminary approval, Settlement Class Counsel are experienced consumer class action lawyers and well qualified to assess the prospects of their case and to negotiate a favorable resolution for the class. (Docs. 72-2 and 73-3.)

C.      *The Settlement Was Not The Product Of Fraud Or Collusion*.

      1.      *The Plaintiffs' Damages and Incentive Awards are Appropriate*

      The Parties negotiated the proposed settlement at arms-length. Plaintiffs did not use the class action procedure to gain a more beneficial settlement for themselves. Plaintiffs' $2,500.00 payments are justified by the settlement of their individual claims and by their willingness to serve as the Settlement Class Representatives and are in line with other settled FDCPA class actions involving <u>identical facts and legal claims</u> and other FDCPA cases. See e.g., *Foti v. NCO Fin. Sys., supra.; Gravina v. United Collection Bureau*, 2010 U.S. Dist. LEXIS 142718 (E.D.N.Y. Nov. 29, 2010) ($1,500.00 incentive award to each class representative); *Anderson, et al. v. Nationwide Credit, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:08-cv-01016-LDW-ETB (same); *Gravina v. Client Services, Inc.*, E.D.N.Y. Case No. 2:08-cv-03634-LDW-MLO (same); *Harrigan v. Receivables Performance Management, LLC*, U.S. District Court, N.D.N.Y. Case No. 8:09-cv-01351-RFT (same); *Gravina v. United Collection Bureau, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT (same); *Gravina, et al. v. National Enterprise Systems, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:09-cv-02942-JFB-GRB (same); *Zirogiannis v. Professional Recovery Consultants, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:11-cv-00887-LDW-ETB (same); and *Lagana v. Stephen Einstein & Associates, P.C. et al.*, U.S. District Court, S.D.N.Y. Case No. 1:10-cv-04456-KMW-GWG (same).

      2.      *Class Counsels' Attorneys' Fees and Costs Are Appropriate*

      Moreover, Class Counsel did not use the class action procedure to garner a larger amount of fees and costs than would otherwise have been warranted. The fees and costs obtained in this nearly two year old case are in-line with other class settlements in this district (and others) in cases involving the <u>identical factual and legal predicate</u>. See e.g., *Foti v. NCO Fin. Sys., supra.* ($137,000.00 with a lodestar multiplier of 1.57 based, in part, on value of injunction obtained for

class); *Anderson, et al. v. Nationwide Credit, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:08-cv-01016-LDW-ETB ($135,000.00 in fees and costs where settlement provided injunction, but no monitoring duties by class counsel); *Gravina v. Client Services, Inc.*, E.D.N.Y. Case No. 2:08-cv-03634-LDW-MLO ($125,000.00 in fees and costs where settlement provided injunction, but no monitoring duties by class counsel); *Garo v. Global Credit & Collection Corporation*, D. Ariz. Case No. 2:09-cv-02506-RJB ($115,000.00 in fees and costs where settlement -- on behalf of only persons located in 9th Circuit -- provided injunction, but no monitoring duties by class counsel); *Gravina v. United Collection Bureau, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT ($90,000.00 in fees and costs where settlement provided injunction, but no monitoring duties by class counsel); *Gravina, et al. v. National Enterprise Systems, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:09-cv-02942-JFB-GRB ($85,000.00 in fees and costs where settlement provided injunction with monitoring duties, but requiring class counsel to apply for additional fees and costs at conclusion of monitoring period).

Pursuant to the Stipulation of Settlement, the Parties agreed that "Settlement Class Representative Plaintiffs are the successful party in this Action and agrees pay their reasonable attorney's fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k" and that "Settlement Class Counsel shall be entitled to receive up to $120,000.00 from the Settlement Fund, which is intended to cover all fees and all expenses arising out of this Action." [Doc. 72-2 at ¶2.3(d)].

The United States Supreme Court has encouraged a consensual resolution of attorney's fees as the ideal toward which litigants should strive.  In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court said: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Id.* at 437. *Accord In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568-70 (7th Cir. 1992) (market factors, best

known by the negotiating parties themselves, should determine the quantum of attorneys' fees). It is widely recognized that fee agreements between plaintiffs and defendants are urged. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees.").

Given the reliance of our legal system on private litigants to enforce substantive provisions of law through class actions, attorneys providing the essential enforcement services must be provided incentives comparable to those negotiated in the private bargaining that takes place in the legal marketplace, as it would otherwise be economical for defendants to practice injurious behavior. *See, Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980). It has therefore been urged (most persistently by Judge Richard Posner of the Seventh Circuit) that in defining a "reasonable fee" in such representative actions, the law should "mimic the market." *See e.g., Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998). "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases....Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

Here, the Court does not need to speculate what the market price would be or what fee might have been negotiated by Plaintiff and members of the class. Consistent with the foregoing precedents, the Parties negotiated the fees, costs, and expenses that Defendant would pay to Settlement Class Counsel for their work on behalf of Plaintiffs and members of the settlement class. As set forth in Settlement Class Counsel's declaration, the negotiated fees and expenses

reflects a negotiated compromise reached through arm's-length bargaining by informed parties. It was well after the parties negotiated the other terms and provisions of the settlement that the parties addressed the issue of attorney's fees, costs, and expenses.

Importantly, the negotiated attorneys' fees and costs payable by Defendant does <u>not</u> reduce the amount of the settlement fund. Nor does the negotiated attorneys' fees and costs reduce the benefits to the class in any way. Moreover, Defendant is represented by highly skilled lawyers, and does not need (and has not sought) protection from the Court for the results of their own negotiations regarding the amount of the fees and expenses they have agreed to pay Settlement Class Counsel.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request the Court grant their motion and enter the attached Final Approval Order.

Respectfully submitted and dated this 20th Day of July, 2012.

*s/ William F. Horn*

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail:  bill@wfhlegal.com

Robert L. Arleo, Esq. (RA-7506)
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, NY 12436
Telephone: (518) 589-1016
Facsimile:  (518) 751-1801
E-Mail:  r.arleo@verizon.net

*Attorneys for Plaintiffs, Thomas Castellano and Leslie Castellano, and all others similarly situated*

-12-