UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---x

THOMAS CASTELLANO, an individual;
LESLIE CASTELLANO, an individual; on
behalf of themselves and all others similarly
situated,

                              Plaintiffs,

vs.

GLOBAL CREDIT & COLLECTION
CORPORATION, a Delaware Corporation; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                              Defendants.

---x

CASE NO.: 2:10-cv-05898-JFB-WDW

**DECLARATION OF WILLIAM F. HORN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND INJUNCTIVE RELIEF**

I, William F. Horn, of full age, hereby certify as follows:

1. I am an attorney at law of the State of New York and the Bar of this Court. I have been retained to serve as co-counsel for Plaintiffs, Thomas Castellano and Leslie Castellano, in this action. As such, I am familiar with all of the facts set forth herein and state them to be true.

2. I have been admitted to practice law in the State of New York since 1995 and have remained a member in good standing since that time. I am also admitted to practice law before the United States District Courts for the Eastern District of New York and for the Southern District of New York since 1997, and the United States District Courts for the Northern District of New York and Western District of New York since 2010. I am also admitted to practice before the bar of the Eastern District of Michigan and the Northern District of Illinois.

3. My license to practice law has never been suspended or revoked by the State of New York or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

4. I received my bachelor's degree from the University of Pennsylvania in 1983 and graduated the Brooklyn Law School in 1994. I also hold a Master of Science degree in Real Estate Development, which I earned from New York University in 1994.

5. Prior to attending law school, I worked in the finance and real estate sectors. From 1989 to 1991, I worked for Baring Institutional Realty Advisors, Inc. where I performed lease analyses and prepared cash-flow projections for businesses. From 1984 to 1987, I worked for Bear Stearns and Company, Inc., as a credit analyst determining the financial creditworthiness for major financial institutions and Manufacturers Hanover Trust Company as an international banking officer.

6. Just following and prior to my graduation from law school and admission to the New York bar, I worked as a legal consultant and contract attorney for several large multinational law firms and corporations. Furthermore, from 2004 to 2009, I practiced law at Skadden, Arps, Slate, Meagher & Flom, LLP in both its Real Estate and Litigation departments, where I performed all activities relating to large real estate transactions and trial preparation in multi-million dollar class-action lawsuits. From 2000 to 2004, I worked as a contract attorney for, among others, Schulte, Roth & Zabel, LLP and Solomon Zauderer, Ellenhorn, Frischer & Sharp, where I advised their respective Corporate and Securities Litigation groups concerning trial strategy. From 1998 to 2000, I served as a corporate associate at Simpson, Thacher & Bartlett, LLP where I practiced securities law. From 1994 to 1998, I was engaged as a solo practitioner and consultant handling a variety of real estate litigation matters which included practicing before the U.S. Bankruptcy Court and the U.S. Immigration Court.

7. In connection with my foregoing professional and legal work experience, I have worked on a variety of complex commercial and consumer matters. Since leaving Skadden Arps in 2009, I have been engaged as a solo practitioner and have a growing practice representing

consumers on claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* I am now, and have been involved in actions brought solely as individual claims as well as class actions. My cases have been filed in the Eastern District of New York, Western District of New York, Northern District of New York, Eastern Southern District of New York, District of Pennsylvania, Northern District of Illinois, the Southern and Central Districts of California, the District of Kansas, the Southern District of Florida and the Eastern District of North Carolina.

8. I have been certified to act as class counsel in the following consumer class action lawsuits:

- *Anderson, et al. v. Nationwide Credit, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:08-cv-01016-LDW-ETB;

- *Harrigan v. Receivables Performance Management, LLC*,
  U.S. District Court, N.D.N.Y. Case No. 8:09-cv-01351-RFT;

- *Gravina v. United Collection Bureau, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT;

- *Gravina, et al. v. National Enterprise Systems, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:09-cv-02942-JFB-GRB;

- *Anderson, et al. v. Nationwide Credit, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:10-cv-03825-LDW-ETB;

- *Pawelczak v. Bureau of Collection Recovery, LLC*,
  U.S. District Court, N.D. Ill. Case No. 1:11-cv-01415;

- *Zirogiannis v. Professional Recovery Consultants, Inc.*,
  U.S. District Court, E.D.N.Y. Case No. 2:11-cv-00887-LDW-ETB;

- *Lagana v. Stephen Einstein & Associates, P.C. et al.*,
  U.S. District Court, S.D.N.Y. Case No. 1:10-cv-04456-KMW-GWG;

- *Castellano, et al. v. Global Credit & Collection Corporation*,
  U.S. District Court, E.D.N.Y. Case No. 2:10-cv-05898-JFB-WDW;

- *Cedeno v. Bureau of Collection Recovery, Inc.*,
  U.S. District Court, C.D. Cal. Case No. 8:10-cv-01960-JVS-FFM; and

- *Gravina v. Weltman, Weinberg & Reis Co., LPA*,
  U.S. District Court, E.D.N.Y. Case No. 2:11-cv-01161-JFB -WDW.

9.  Fed. R. Civ. P. 23(h) provides, in part, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." I submit that such fees and costs are authorized by both law and the Parties' agreement. See, 15 U.S.C. § 1682k(a)(3), and Paragraph 2.3(d) of the Stipulation of Settlement Agreement [Doc. 72-2 at ¶2.3(d)]. That Agreement provides, in relevant part, "The Settling Parties agree that Settlement Class Counsel shall be entitled to receive up to $120,000.00 from the Settlement Fund, which is intended to cover all fees and all expenses arising out of this Action….Defendant will not oppose or cause to be opposed an attorney fee application, so long as such application does not exceed $120,000.00." 57141.25 - 13212.50 = 71,133.75, 34000

10. To date, my office has expended a total of 209.95 hours of total time, which includes 134.45 hours of attorney time and 75.50 hours of law clerk time. My office has also incurred $780.00 in costs (e.g., filing, service, and courier). Moreover, my co-counsel, Robert L. Arleo has reviewed his records and informs me that that as of this date he has approximately 80 hours of billable time. As detailed below, based on the requested hourly rates and expenses, my law firm's fees and costs total $ 71,133.75 and when combined with my co-counsel's time of $34,000.00, it reflects a total of $105,133.75 to date.

11. Pursuant to the Parties Stipulation of Settlement, Class Counsel is still required to perform monthly monitoring of the Defendant's injunction for the next 12 consecutive months. Based on my experience in monitoring other injunctions in similar cases, this will likely result in Settlement Class Counsel performing an additional 7-10 hours of work each month, which will

result in approximately 84 to 120 hours of work over the next year, or $35,700.00 to $51,000.00. When this additional work is added to the fees and costs already expended by Settlement Class Counsel, the final total will range from approximately $140,833.75 to $156,133.75. However, Plaintiffs' counsel collectively agreed to limit their requested award of fees and costs to $120,000.00.

12.     The majority of my law practice is contingent fee litigation on behalf of plaintiffs. I regularly represent plaintiffs in contingent fee cases in Federal Courts throughout the State of New York as well as various other District Courts located throughout the United States of America. I frequently work with other plaintiff's lawyers who handle cases on a contingent fee basis and, in that regard, I am generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

13.     The normal hourly billing rates in my law firm are as follows: $125.00 for paralegals; $175.00 for law clerks; and $425.00 for myself. I submit that these rates are fair and reasonable and are consistent with the rates within the Eastern and Southern Districts of New York based on each timekeeper's knowledge and experience and in light of risks inherent in bringing and prosecuting cases such as this one.

14.     My hourly rate set forth above is the same as the regular current rate I charge for services in other contingent matters in class action litigation and is also consistent with fees charged to occasional hourly paying clients. I adjust my hourly rate annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the New York area.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 20th day of July 2012, at Fresh Meadows, New York.*

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail: bill@wfhlegal.com

*One of the Attorneys for Plaintiffs, Thomas Castellano and Leslie Castellano, and all others similarly situated*